T.C. Summary Opinion 2018-1

UNITED STATES TAX COURT

COLIN C. BISHOP, Petitioner, AND LISA BISHOP, Intervenor v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22108-16S.                      Filed January 4, 2018.

Michael S. Sterner, for petitioner.

Jan R. Pierce and Myla Sepulveda (specially recognized), for intervenor.

Jeffrey D. Rice, for respondent.

SUMMARY OPINION

COHEN, Judge:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant

to section 7463(b), the decision to be entered is not reviewable by any other court,

and this opinion shall not be treated as precedent for any other case.  Respondent

determined a $3,545 deficiency in petitioner's Federal income tax for 2014. The issue for decision is whether petitioner should be relieved from liability for all or part of the deficiency that resulted from failure to report on a joint return a distribution from intervenor's separately owned retirement account. The resolution depends on whether petitioner had actual knowledge of the distribution, or any portion thereof, for purposes of section 6015(c). Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for 2014.

## Background

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Respondent and petitioner have agreed that petitioner is not liable for the deficiency after application of section 6015(c). Intervenor, however, objects to that conclusion.

Petitioner and intervenor were married on October 31, 2007. They were temporarily separated twice during 2014, finally separated in June 2015, and divorced in 2016. At the time his petition was filed, petitioner resided in Washington. At the time her notice of intervention was filed, intervenor resided in Oregon.

Intervenor inherited a retirement account from her father in 2009. The account was maintained at Edward D. Jones & Co. (Edward Jones) in intervenor's name. Taxable distributions were received before 2014, ranging from $4,000 to $48,000, and were reported on joint Federal income tax returns filed by petitioner and intervenor.

During 2014 and until the time of the permanent separation in 2015, petitioner and intervenor maintained a joint checking account into which their payroll checks were deposited. They made transfers to and from other accounts, and family expenses were paid out of the joint account. Petitioner and intervenor both had access to the funds in the joint account by the use of debit cards.

During 2014 intervenor received a $15,068 distribution from the Edward Jones retirement account. Edward Jones withheld $2,712 from the distribution and reported both of those amounts to the Internal Revenue Service (IRS). On August 1, 2014, $6,000 was deposited into the joint checking account that petitioner and intervenor maintained. The balance of the distribution was used for the benefit of intervenor's daughter.

As they had in prior years, petitioner and intervenor together provided information to the preparer of a joint tax return for 2014. They did not report the Edward Jones distribution on that return.

Before the petition was filed, petitioner filed a Form 8857, Request for Innocent Spouse Relief, with the IRS. Intervenor provided information during the review process. The IRS determined that petitioner was not entitled to relief under section 6015(b) because he had constructive knowledge of the distribution but was entitled to relief under section 6015(c) because of the absence of proof of actual knowledge.

Neither petitioner nor intervenor disputes the amount of the deficiency. Petitioner contends that he is entitled to relief from the full amount of the deficiency and in the alternative that at most he should be liable for the deficiency relating to the $6,000 deposited into the joint bank account. Intervenor requests that petitioner be held liable for tax on $7,080, which intervenor infers was the portion of the distribution plus withheld tax reflected in the $6,000 deposit.

## Discussion

Section 6013(d)(3) provides the general rule that if spouses make a joint return the liability for the tax shall be joint and several. Subject to other conditions, section 6015(c) allows a divorced or separated spouse to elect to limit his or her liability for a deficiency assessed with respect to a joint return to the portion of such deficiency allocable to him or her under subsection (d). Pursuant to section 6015(d)(3)(A), "any item giving rise to a deficiency on a joint return

shall be allocated to individuals filing the return in the same manner as it would have been allocated if the individuals had filed separate returns for the taxable year." Further, "[e]rroneous items of income are allocated to the spouse who was the source of the income." Sec. 1.6015-3(d)(2)(iii), Income Tax Regs.; see also Agudelo v. Commissioner, T.C. Memo. 2015-124, at *16. Denial of relief requires evidence that the requesting spouse had "actual knowledge, at the time such individual signed the return, of any item giving rise to a deficiency (or portion thereof) which is not allocable to such individual." Sec. 6015(c)(3)(C); see also sec. 1.6015-3(c)(2), Income Tax Regs. Section 6015(c) differs from the relief provisions of subsections (b) and (f), under which relief may be denied if the party requesting relief had constructive knowledge of the item giving rise to the deficiency. See Culver v. Commissioner, 116 T.C. 189, 197 (2001); Richard v. Commissioner, T.C. Memo. 2011-144.

A question exists as to where the burden of proof lies in cases when, as here, the IRS favors granting relief and the nonrequesting spouse intervenes to oppose it. The Court has resolved such cases by determining whether actual knowledge has been established by a preponderance of the evidence as presented by all parties. See Pounds v. Commissioner, T.C. Memo. 2011-202; Knight v.

Commissioner, T.C. Memo. 2010-242; McDaniel v. Commissioner, T.C. Memo. 2009-137; Stergios v. Commissioner, T.C. Memo. 2009-15.

To determine whether the requesting spouse had actual knowledge, the IRS considers "all of the facts and circumstances." Sec. 1.6015-3(c)(2)(iv), Income Tax Regs. Similarly, the Court looks to the surrounding facts and circumstances for "an actual and clear awareness (as opposed to reason to know)" of the items giving rise to the deficiency. See Cheshire v. Commissioner, 115 T.C. 183, 195 (2000), aff'd, 282 F.3d 326 (5th Cir. 2002); Pounds v. Commissioner, T.C. Memo. 2011-202.

In this case, petitioner denies actual knowledge of the distribution although he admits that he knew about the retirement account and about withdrawals made in other years for various family expenditures. He argues that intervenor deliberately deceived him, but he relies on her silence and does not identify any specific misrepresentations by her. He acknowledges that he was at fault for not checking the records on the joint bank account maintained by him and intervenor.

Intervenor disputes petitioner's credibility. She argues that he had actual knowledge of the 2014 distribution because it was deposited in their joint bank account about seven months before the return was prepared and petitioner continued to write checks from the account and use debit cards accessing funds in

the account.  Intervenor does not claim that she specifically told petitioner about the distribution when it was received or at the time that the return was prepared or point to any evidence that petitioner had "an actual and clear awareness (as opposed to reason to know)" of the items giving rise to the deficiency.  Intervenor testified that they both forgot about the distribution at the time the return was prepared.

The history of withdrawals from the retirement account used by the parties over a period of years and the transactions by petitioner with reference to the joint bank account support a conclusion that petitioner should have known about the distribution.  The amount was very large in relation to the average balances and other transactions in the account.  There is no evidence, however, that petitioner saw the bank records before the joint return for 2014 was filed.  His denials are not incredible, implausible or contradicted by direct evidence.  See Culver v. Commissioner, 116 T.C. 189; Richard v. Commissioner, T.C. Memo. 2011-144.  Regardless of the strong indications of constructive knowledge, the evidence falls short of establishing actual knowledge of any specific amount of the distribution in 2014.

While the parties make other arguments about "equitable" factors, the absence of proof of actual knowledge is determinative in this case. Therefore,

Decision will be entered

for petitioner.